UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL L. CHASSE, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Civil No. 06-161-B-W |
| | ) |
| MAINE COMMISSIONER OF CORRECTIONS, | ) |
| | ) |
| | ) |
| Respondent | ) |

### *RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS*

Michael L. Chasse has filed a <u>second</u> 28 U.S.C. § 2254 petition challenging the same 1998 State of Maine conviction stemming from a robbery that he challenged in his initial 28 U.S.C. § 2254 petition filed with this court. His first § 2254 petition was filed on May 14, 2001, and I recommended that the court deny that petition on its merits. (Civ. No. 01-92-B-S, Docket No. 4). The District Court Judge affirmed that recommendation (<u>id.</u>, Docket No. 7) over Chasse's objection (<u>id.</u>, Docket No. 6) and the First Circuit Court of Appeals denied Chasse a certificate of probable cause to proceed with the appeal (<u>id.</u>, Docket Nos. 14 & 15). The case was closed.

Chasse discloses this procedural history in his current motion. He claims this petition is timely under 28 U.S.C. § 2244(d)(1) because it is filed within one year of the date the Maine Supreme Judicial Court ruled upon his state post-conviction proceeding. Chasse points out that none of the grounds he raises in this petition were raised in the earlier federal petition that decided two different claims on the merits. Chasse recognizes that he has already filed one 28 U.S.C. § 2254 petition in this court and must apply to the

First Circuit Court of Appeals for leave to file a second one.  He claims he is entitled to do so because he satisfies 28 U.S.C. § 2244(b)(2)(B)(i) in that the factual predicate of this claim was not discovered until the Maine Law Court denied, finally and for all time, his various state post-conviction filings.

Chasse has a novel theory as to why this court should proceed to hear his petition now.  His motion to file a second and successive 28 U.S.C. § 2254 application, Civ. No. 06-2547, was filed November 3, 2006, in the First Circuit Court of Appeals and the statutory language says the First Circuit will grant or deny the petition within thirty days.  Chasse maintains that he has heard nothing from the First Circuit and, therefore, his motion must have been granted.  (Sec. 2254 Mot. at 14.)

What Chasse has conveniently ignored is the following language from the recommended decision I entered on October 11, 2001:

> Chasse could have elected to avail himself of federal habeas review after all of his post-conviction review claims are exhausted.  Had Chasse waited to file this petition, the statute of limitations would have been tolled by § 2244(d)(2) during the pendency of his state collateral attack.  If he later attempts to file a second or successive petition in this court, he will be restrained by 28 U.S.C. § 2244(b)(1)-(4).  Although the State raised this concern in its answer, Chasse has never responded to the issue by moving to stay this action or requesting that it be voluntarily dismissed without prejudice.  The claims Chasse raises are before the court for decision and this court should not sua sponte decline to act on Chasse's fully exhausted first petition.

Chasse v. Corrections, State of Maine Comm'r, Civ. No. 01-92-B-S,  2001 WL 1218768, *3 (D.Me. Oct. 11, 2001) (footnote omitted). The omitted footnote contains the following observation:

> When a habeas petition contains both exhausted and unexhausted claims, this court generally dismisses the petition without prejudice and the petitioner may return when the claims have been exhausted. Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding that a federal habeas court

> ordinarily should not adjudicate a petition containing both exhausted and unexhausted claims). However, in cases where the statute of limitations will expire prior to the exhaustion of an issue in state court, this court may grant a stay of the habeas proceedings to preserve the claims until they are exhausted in state court. See, e.g., Kilburn v. Maloney, 164 F.Supp.2d 117, 2001 WL 1040423, *1 (D. Mass., Aug. 31, 2001) (recognizing that the First Circuit in dicta appears to favor an approach that stays an action when dealing with a true "mixed petition" filed close to the expiration of the statute of limitations, citing Neverson v. Bissonnette, 261 F.3d 120 (1st Cir.2001)). Chasse's petition in this court contains two claims that have been exhausted in state court. Even though Chasse has potential unexhausted federal claims pending in state court his petition in this court is not a "mixed petition" and this court therefore has no reason to apply the Kilburn approach.

Id. at *3 n.2.

In my view Chasse cannot use a second 28 U.S.C. § 2254 petition merely in an attempt to get a second bite at the apple, unless the First Circuit specifically authorizes this court to proceed. See 28 U.S.C. § 2244(b)(3)(A). Chasse was warned in first instance that his petition could be dismissed without prejudice and he could return to federal court after exhausting all of his state claims. He chose to press ahead with his fully exhausted first petition. He lost on the merits in federal court. This court has no statutory authority to create an exception for him and allow him to proceed with a second petition (unless and until he receives that authorization from the First Circuit Court of Appeals on his pending motion). Accordingly, I recommend that the Court summarily dismiss this petition pursuant to Rule 4 of the Rules Governing Section 2254 proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by

the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 22, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

4